## John F. Devine, Administrator, Appellee, v. L. Fish Furniture Company, Appellant.

### Gen. No. 20,947.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; .the Hon. ED-WARD M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed June 1, 1916.

### Statement of the Case.

Action by John F. Devine, administrator of the estate of Lillian A. Sullivan, deceased, plaintiff, against L. Fish Furniture Company, a corporation, defendant, for damages for death of the plaintiffs's intestate. To reverse a judgment against it, defendant appeals.

The plaintiff's intestate was employed on the sixth floor of defendant's mercantile establishment and was killed by a fire that occurred in said premises on March 25, 1910, her death being charged in the declaration to have been caused by the failure of defendant to comply with the provisions of section 14 of the Factory Act, entitled "An Act to provide for the health, safety and comfort of employes in factories, mercantile establishments, mills and workshops in this State, and to provide for the enforcement thereof." (Laws 1909, p. 202, J. & A. ¶ 5399.)   The statement of facts in *Hunt v. L. Fish Furniture Co.*, 187 Ill. App. 326, is substantially a correct statement of the facts in the instant case.

McEWEN, WEISSENBACH, SHRIMSKI & MELOAN, for appellant.

JAMES L. BYNUM and CHARLES C. SPENCER for appellee; BERNHARDT FRANK, of counsel.

Devine v. L. Fish Furniture Co., 199 Ill. App. 539.

MR. JUSTICE McGOORTY delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 198*—*when Appellate Court no power to consider constitutional question.* The Appellate Court cannot pass upon the constitutionality of a statute.

2. APPEAL AND ERROR, § 1502*—*when asking juror whether company with which he was associated carried insurance not prejudicial.* In an action for damages for death under the Factory Act, sec. 14 (J. & A. ¶ 5399), examination of a juror on his *voir dire* as to whether a company with which he was associated carried insurance, to which the defendant's objection was sustained, *held* not prejudicial to the defendant, the verdict, $5,000, not being large, and not justifying reversal for refusal of the trial court to discharge the panel.

3. MASTER AND SERVANT, § 801*—*when instruction on liability of factory owner for not providing sufficient means of escape in case of fire sufficient.* In an action for damages for death under the Factory Act, sec 14 (J. & A. ¶ 5399) an instruction that, "if the jury believe from the preponderance of the evidence * * * that said mercantile establishment was not provided with sufficient and reasonable means of escape in case of fire * * *," *held* not objectionable as not defining the word "sufficient" and, in effect, making the defendant an insurer.

4. APPEAL AND ERROR, § 1561*—*when refusal of requested instruction similar to given instruction harmless error.* In an action for damages for death under the Factory Act, sec. 14 (J. & A. ¶ 5399), the refusal of an instruction, requested by the defendant, to the effect that before the jury could find the defendant guilty of any violation of the statute upon which plaintiff's declaration was based, plaintiff was bound to produce such evidence as would satisfy the jury beyond a reasonable doubt of the commission of the violation, *held* not reversible error where, at the defendant's request, the jury were instructed that, "if the evidence in this case preponderates in favor of the defendant, * * * or if the evidence fails to preponderate in favor of the plaintiff * * * the jury should find the defendant not guilty."

5. MASTER AND SERVANT, § 779*—*when instruction on negligence referring to counts in declaration not misleading.* In an action for damages for death under the Factory Act, sec. 14 (J. & A. ¶ 5399), the giving of an instruction that, "if you find from the evidence that the death of plaintiff's intestate was the result of an accident merely

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Devine v. L. Fish Furniture Co., 199 Ill. App. 539.

and was not caused by the negligence of the defendant as charged in the first or eighth count of the plaintiff's declaration, then your verdict must be not guilty," *held* not misleading where all counts other than those mentioned in the instruction had been eliminated and the jury had been so informed by the court.

6. APPEAL AND ERROR, § 1561*—*when refusal to give requested instruction covered by given instructions harmless error.* The refusal to give a specific instruction to the effect that there can be no recovery by reason of the existence of a certain condition which is not charged as a ground of negligence in the declaration is not reversible error, where other instructions are given limiting the plaintiff's right of recovery to the negligence charged in the declaration.

7. MASTER AND SERVANT, § 833*—*when permitting answers to questions whether employees had been directed as to use of windows in case of fire harmless error.* In an action for damages for death under the Factory Act, sec. 14 (J. & A. ¶ 5399), questions as to whether directions had been given employees in using windows as a means of escape in case of fire, without specifying from whom the directions might have come, *held* bad in form and objections thereto should be sustained, but permitting the asking thereof not reversible error where evidence showed that windows were partly open all the time and had fire escape signs over them.

8. MASTER AND SERVANT, § 833*—*when refusal to permit defendant's witnesses to testify as to condition of aisles on floor where fire occurred harmless error.* In an action for death under the Factory Act, sec. 14 (J. & A. ¶ 5399), refusal to permit defendant's witnesses to testify as to the condition of the aisles on the floor on which a fire occurred, *held* not reversible error for, if the fire escape was a bad one, the defendant would be liable whether access to it was obstructed or not.

9. MASTER AND SERVANT, § 565*—*when no variance between declaration and proof in action for death of factory employee.* In an action under the Factory Act, sec. 14 (J. & A. ¶ 5399), for death resulting from a fire in defendant's factory, *held* to be no variance between the declaration and proof.

10. MASTER AND SERVANT, § 683*—*when evidence sufficient to sustain judgment for plaintiff.* In an action under the Factory Act, sec. 14 (J. & A. ¶ 5399), for the death of an employee due to a fire in defendant's factory, evidence *held* sufficient to sustain a judgment for plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.